### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

TODD FOWLER,

        **Plaintiff,**

    **v.**

ECHO LAKE FOODS, INC.,

        **Defendant.**

Case No. 1:24-cv-00097 HAB-SLC

#### DEFENDANT ECHO LAKE FOODS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Echo Lake Foods, Inc. ("**Defendant**"), in accordance with Fed. R. Civ. P. 8, answers Plaintiff Todd Fowler ("**Plaintiff**")'s Complaint as follows:

1.      This is an action by Fowler against his former employer, Echo Lake, for breach of an oral agreement of employment for one (1) year. Fowler was employed by Echo Lake as Plant Manager at Echo Lake's facility in Huntington, Indiana from on or about 2014 until his termination on November 10, 2023. On or about September 23, 2023 Fowler had a telephone conversation with Echo Lake President Scott Meinerz ("Meinerz") in which Meinerz promised Fowler that if he would agree to stay with Echo Lake for one (1) year, he would be given a pay raise, the company would send Fowler and his wife a second time to vacation in the Bahamas and at the end of the one (1) year period he (Fowler) would be given a bonus in the amount of his base salary. Fowler accepted the offer and told Meinerz he had his word that he would stay another year. Fowler was terminated from his employment with Echo Lake on or about November 10, 2023 without good cause and shortly after oral statements were made by Echo Lake Management and consultants that the company needed to bring in younger people, the senior management was getting too old, and the company needed younger blood in the organization Fowler is fifty-five (55) years old with a birth of 6/21/68. Fowler

seeks all damages recoverable under Indiana law including, but not limited to, lost wages and bonuses, the lost value of his fringe benefits with the company, prejudgment interest, and the costs of this action.

**ANSWER:**    Defendant admits that Plaintiff purports to bring an action for breach of an oral agreement of employment but denies the existence of a contract or a breach thereof. Defendant denies all other allegations in Paragraph 1 of Plaintiff's Complaint.

2.    Fowler is an individual citizen and resident of Fort Wayne, Indiana.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies those allegations by operation of Fed. R. Civ. P. 8(b)(5).

3.    Echo Lake is a corporation organized and existing under and by virtue of the State of Wisconsin with its corporate offices located at W222 N833 Cheaney Dr, Waukesha D, Wisconsin, 53188, which owns and operates a facility at 435 W. State St., Huntington, Indiana, 46750.

**ANSWER:**    Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.    Jurisdiction is proper because Fowler resides in the State of Indiana and Echo Lake does business in Indiana and the cause of action arises out of Echo Lake's doing business in Indiana.

**ANSWER:**    Defendant admits that it does business in Indiana. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies those allegations by operation of Fed. R. Civ. P. 8(b)(5).

5.    Venue is proper in Huntington County per Rule 75(A)(3) of the Indiana Rules of Trial Procedure because the defendant organization is located in Huntington County.

**ANSWER:**    Defendant admits that it operates a facility in Huntington County. Defendant denies all other allegations in Paragraph 5 of Plaintiff's Complaint.

6.    Fowler incorporates by reference paragraphs one (1) through five (5) of this Complaint as if same were fully set forth herein.

**ANSWER:**    Defendant reincorporates its answers to Paragraphs 1-5 of Plaintiff's Complaint as if set furth fully herein.

7.    On or about October 13, 2023 Fowler sent Meinerz an email confirming in writing his acceptance of Echo Lake's offer.

**ANSWER:**    Defendant admits that Fowler sent Meinerz an email on October 13, 2023. Defendant denies all other allegations in Paragraph 7 of Plaintiff's Complaint.

8.    During Fowler's approximately nine (9) years as Plant Manager he never received any disciplinary action and received raises every year.

**ANSWER:**    Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.    Fowler's employment as Plant Manager at Echo Lake was at all times satisfactory.

**ANSWER:**    Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.    As a result of Echo Lake's unlawful breach of the employment contract it had with Fowler, he has suffered damages including, but not limited to, lost wages, lost bonuses and lost fringe benefits.

**ANSWER:**    Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.    Fowler incorporates by reference paragraphs one (1) through ten (10) of this Complaint as if same were fully set forth herein.

3

**ANSWER:** Defendant reincorporates its answers to Paragraphs 1-10 of Plaintiff's Complaint as if set furth fully herein.

12. A contract existed between Fowler and Echo Lake.

**ANSWER:** Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Echo Lake materially breached the contract when it terminated Fowler's employment without good cause.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Fowler has suffered and is continuing to suffer damages as a result of Echo Lake's material breach of contract.

**ANSWER:** Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Fowler has performed all conditions precedent required by the contract.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant, in accordance with Fed. R. Civ. P. 8(c), asserts the following affirmative defenses to Plaintiff's Complaint.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the applicable statutes of limitations.

3. Plaintiff's claims may be barred by the doctrine of laches, estoppel, release, waiver, and/or unclean hands.

4. Plaintiff's damages, if any, are barred or reduced by Plaintiff's failure to mitigate those damages.

5. Plaintiff's claims are barred by Plaintiff's fraudulent misrepresentations.

6.      Discovery and investigation are ongoing, and Defendant reserves the right to assert additional affirmative defenses based on facts learned during discovery and investigation.

**WHEREFORE,** Defendant, Echo Lake Foods, Inc., by counsel, requests that the Court dismiss Plaintiff's Complaint, with prejudice, enter judgment in Defendant's favor and against Plaintiff, and award Defendant its costs and all other appropriate relief.

Dated: March 8, 2024

FROST BROWN TODD LLP

By: _/ s / Amy S. Wilson_
      Amy S. Wilson #24184-49
      Cameron S. Trachtman, # 36387-49
      111 Monument Circle, Suite 4500
      P.O. Box 44961
      Indianapolis, IN  46244-0961
      Telephone:    (317) 237-3800
      Facsimile:    (317) 237-3900
      Email:       awilson@fbtlaw.com
                 ctrachtman@fbtlaw.com

      *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of March, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. The partis may access this filing through the Court's system.

_/ s / Amy S. Wilson_
Amy S. Wilson

0134251.0783226  4857-7491-6267v2